**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>7 AT BLUE LAGOON (1), LLC, and<br>7 AT BLUE LAGOON (2), LLC,<br><br>Debtors. | Case No. 25-21286-RAM<br><br>Jointly Administered with<br>Case No. 25-21287-RAM<br><br>Chapter 11 |

**DEBTORS' MOTION TO DISMISS CHAPTER 11 CASES WITHOUT PREJUDICE, WITH REQUEST FOR HEARING ON SHORTENED NOTICE WITHIN THE PERIOD PRESCRIBED BY 11 U.S.C. § 1112(b)(3), AND INCORPORATED DECLARATION**

**Request for Hearing on Shortened Notice (11 U.S.C. § 1112(b)(3); Rule 9006(c)(1))**

The Debtors request a hearing on or before Friday, November 6, 2026, within the period prescribed by 11 U.S.C. § 1112(b)(3) and on notice reduced under Fed. R. Bankr. P. 9006(c)(1), for the reasons stated in paragraphs 18 and 19. Conferral is certified in paragraph 20. "Tr." citations are to the transcript of the October 2, 2026 status conference (ECF No. 405), which remains subject to the Court's access restriction period and is not attached.

7 at Blue Lagoon (1), LLC and 7 at Blue Lagoon (2), LLC, debtors and debtors in possession (the "Debtors"), by their authorized representative and undersigned counsel, move under 11 U.S.C. §§ 105(a), 349, 1107(a), 1109(b) and 1112(b), Fed. R. Bankr. P. 1017, 2002(a)(4), 9006(c)(1) and 9014, and Local Rules 1017-2 and 9013-1, for an order dismissing these jointly administered cases without prejudice, and state:

## INTRODUCTION

1. This Motion has one object: to end these cases so that every creditor is paid in cash in the state court, rather than by a transfer of the Property to RBL for its claim. Dismissal lifts the stay and revests the Property in the Debtors, 11 U.S.C. §§ 349(b)(3), 362(c), and the Debtors may then redeem by paying the amounts specified in RBL's judgments with interest, fees and costs at any time before a certificate of sale is filed. § 45.0315, Fla. Stat. The Debtors will pay RBL and every other creditor, in the amounts agreed or determined by the state court, from

sources outside the estates or from financing secured by the Property, whichever closes first. The financing has been secured and is ready to close, and the Debtors will demonstrate that at the hearing, in camera if the Court prefers. Decl. ¶¶ 3-4.

2. The Debtors are entitled to that relief. Dismissal is one of the two dispositions the January 22, 2026 agreed order provides upon the Debtors' default (ECF No. 175 ¶ 12), and § 1112(b)(1) directs that the court "shall" dismiss or convert the case "unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." "[A]greed orders have meaning, have enforcement, and they don't go away just because one side failed and there's equity." Tr. 34:1-3. The Court has said a trustee is "not going to happen" (Tr. 39:18), conversion would serve no one, and what remains is dismissal.

3. It is the outcome the Court has described, "either going to be a credit bid or *probably dismissal*" (Tr. 39:19-20 (emphasis added)), and the outcome RBL has asked for three times, by motion (ECF Nos. 17, 296, 344). RBL now says it opposes this Motion (Exhibit A); the difference is that RBL would have dismissal come only after a ruling on its credit bid, and with prejudice. The Debtors ask that it come now, without prejudice, with every creditor paid in cash.

## BACKGROUND

4. The Debtors' only material asset is approximately seven acres of vacant land at 4865 N.W. 7th Street, Miami, Florida (the "Property"); they have no operations, employees or income. Decl. ¶ 2. The cases were filed on September 26, 2025, one business day before the foreclosure sale in *TIG Romspen US Master Mortgage LP v. 7 at Blue Lagoon (1) LLC, et al.*, No. 2023-017596-CA-01 (Fla. 11th Jud. Cir.) (the "Foreclosure Action"), in which RIC (Blue Lagoon) LLC ("RBL") holds, by assignment, a final judgment of foreclosure entered August 10, 2024 and a supplemental final judgment entered August 12, 2025. ECF No. 406-1 ¶¶ 1 n.1, 8, 15, 22, 25.

5. By the January 22, 2026 agreed order (ECF No. 175) the Debtors stipulated that RBL's claim is the judgment amount of $20,978,128.54 plus post-judgment interest, fees and costs, fully secured; RBL undertook to provide a payoff statement within five business days of a written request (¶ 6); and the Debtors received deadlines to refinance or sell, failing which RBL became entitled to "the relief requested in its Trustee Motion (dismissal or the appointment of a trustee)" (¶ 12, referring to ECF No. 17).

6. The Court denied the Debtors' postpetition financing motion with prejudice because RBL would not extend the refinancing deadline (ECF No. 278 ¶ 6); approved a $50,000,000 cash sale to Jorge Ramos (ECF No. 310 ¶ 1) and confirmed the Debtors' plan to take effect only upon that closing (ECF No. 308 at 2); and extended the closing to September 24, 2026, providing that "[a]bsent consent from RBL, the Court will not consider, under any circumstances, a request for further extension" (ECF No. 339 ¶ 3). The purchaser did not close; the Debtors' emergency funding motion was denied (ECF No. 348); and the purchaser's $1,000,000 in deposits were forfeited to the estates under the terms of the sale order (ECF No. 310 ¶ 4; ECF No. 323 at 12).

7. Caroline Weiss, the Debtors' principal, died on September 25, 2026. ECF No. 384. The Debtors act through their authorized representative. "Adeena Weiss Ortiz is the authorized representative of the debtor." Tr. 6:25-7:1. She signs this Motion as counsel for the Debtors and seeks no compensation from the estates. Decl. ¶ 1.

8. At the October 2, 2026 status conference the Court described the bargain: "The debtor made a deal. We'll refinance by X date, we'll sell by X date, failing which, RBL has the right to a trustee or dismissal, and prior to which, at a sale hearing, it has the right to credit bid." Tr. 32:13-16. "[T]here was a price that the debtor paid to eliminate that risk, and that price was, give us time to refinance, give us time to sell, or then you get your relief." Tr. 32:24-33:2. It ruled out a

trustee: "[T]he likelihood that I would reopen all of this, have a trustee propose a sale, have the debtors come in arguing everything they possibly can, contesting everything, pushing this, pushing that, starting all over, no, it's not going to happen." Tr. 39:14-18. It named the two outcomes: "there's either going to be a credit bid or probably dismissal, and you all can keep fighting till whenever in the -- in the state court over -- over rights. We're not starting all over with a trustee." Tr. 39:19-23. And it told equity what to do: "If there's equity, then the -- then the equity owner should kick in some money to buy more time." Tr. 39:24-25.

> Benworth wants to kick -- if Benworth is willing and believes it's worth enough to refinance, and there's -- there's -- you know, there's some -- how did Mister -- Howard Berlin used to put it, there's a -- there's a few shekels left to play with, then -- then make a deal, make a deal with RBL, buy more time, buy the right to -- to get some equity out of it, but we're not starting over with a trustee, at least that's my strong preliminary view.

Tr. 40:8-16; see Tr. 34:14-16 ("equity can still get the residual after taking care of the junior lien holders").

9. RBL's counsel told the Court the same things. The death of the Debtors' principal "doesn't affect, in our view, the proceedings here before the Court," because "the debtors, by corporate resolution, appointed Adeena Weiss to represent them here, to be their officer." Tr. 9:5-11. RBL is "rejecting any possible new deal." Tr. 9:23-24. "[T]he plan never became effective"; this is "a failed plan situation." Tr. 43:11-13. RBL "is not requesting the appointment of a Chapter 11 trustee" and asks for dismissal "rather than appoint a Chapter 11 trustee who will start the sale process all over again." ECF No. 344 ¶¶ 10-11. After dismissal RBL "intends to request that the state court reset the foreclosure sale." *Id.* ¶ 14. Its counsel described the August motion as one "that requests that the court dismiss these cases" and recalled "the motion I filed in October seeking dismissal" (Exhibit B). Its arrangements with the junior creditors depend on the credit bid: they would be paid "from the sale proceeds once RBL has title" (Tr. 10:8-10), "pretty

close to the face amount" (Tr. 16:1-2), and "[i]f we don't get the property, all bets are off" (Tr. 21:5-6). Even with the bid approved, "we would still, after that, I think need a trustee, a Chapter 11 Trustee." Tr. 15:7-14. RBL acknowledges "a profit motive in what we're doing here" and that title means "assuming the risk of sale, the risk of market, all of the costs involved in carrying the -- the property." Tr. 17:7-10. And "[t]he case has been closely supervised by the Court, everything's been done through court orders, you know, every step of the way." Tr. 25:13-15.

10. RBL's motion for summary judgment on the bid (ECF No. 406) is set for December 7, 2026 (ECF No. 396 ¶ 4); the Debtors have joined the objections (ECF No. 408). On October 26, 2026, the Debtors' counsel requested a payoff statement under ECF No. 175 ¶ 6. RBL's counsel responded on October 29, 2026 that "we do not believe that there is an ongoing requirement to provide payoff statements," while furnishing "for informational purposes only" RBL's September 4, 2026 payoff letter, which computes the payoff through September 10, 2026 at $23,710,320.15 before September fees and costs, states that interest accrues at $4,850.83 per diem, and recites that RBL "is not consenting to receive a payoff in connection with a refinancing transaction." Exhibit A. No order of this Court relieves RBL of the obligation paragraph 6 imposes.

## ARGUMENT

### I. CAUSE EXISTS UNDER SECTION 1112(b)(4)(M) AND SECTION 1112(b)(4)(A)

11. The Debtors must show cause, and that dismissal rather than conversion or a trustee is in the best interests of creditors and the estates. 11 U.S.C. § 1112(b)(1). The statutory list of cause "is not exhaustive," and the determination is "subject to judicial discretion under the circumstances of each case." *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984) (quoting *In re Nancant, Inc.*, 8 B.R. 1005, 1006 (Bankr. D. Mass. 1981)). It includes "inability to effectuate substantial consummation of a confirmed plan," § 1112(b)(4)(M), and "substantial or

continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," § 1112(b)(4)(A).

12. Both exist. The plan takes effect only upon the Ramos closing (ECF No. 308 at 2); the deadline passed; the Court will not extend it without RBL's consent (ECF No. 339 ¶ 3), which RBL refuses (Tr. 9:23-24). "[Y]our plan has failed." Tr. 31:9-12. A plan that cannot become effective cannot be substantially consummated. See 11 U.S.C. § 1101(2). The estates own vacant land and nothing else of consequence (Decl. ¶ 2) and lose value daily to RBL's accruing judgment, real estate taxes and quarterly fees, 28 U.S.C. § 1930(a)(6), with no business to rehabilitate and every avenue to reorganization inside these cases closed by order (ECF No. 278 ¶ 6; ECF No. 339 ¶ 3; ECF No. 348).

## II. DISMISSAL, AND NOT CONVERSION OR A TRUSTEE, IS IN THE BEST INTERESTS OF CREDITORS AND THE ESTATES

13. The Court has said a chapter 11 trustee is "not going to happen" (Tr. 39:18; paragraph 8), and RBL has told the Court it "is not requesting" one (ECF No. 344 ¶ 10; paragraph 9); conversion would only put a chapter 7 trustee, at a statutory commission, 11 U.S.C. § 326(a), in charge of the "whole other sale process" the Court has refused (Tr. 41:21-24). That leaves dismissal, which is also the only disposition under which every creditor is paid in cash (Decl. ¶¶ 3-4): under the credit bid RBL takes the Property for its claim, and the junior creditors are paid later, from resale proceeds, and only if the bid is approved (paragraph 9). The financing has been secured and is ready to close, from sources outside the estates or on the Property, whichever closes first (Decl. ¶ 4); what cannot be done inside these cases is apply it, because RBL has withheld every consent the Court's orders require (ECF No. 278 ¶ 6; ECF No. 339 ¶ 3; ECF No. 348), is "rejecting any possible new deal" (Tr. 9:23-24) and will not accept a payoff from a refinancing (Exhibit A). Those orders enforced the bargain the Court described

(paragraph 8) while the cases are open; the financing they denied was postpetition financing, with liens, to fund the plan (ECF No. 278 ¶ 6). Once dismissal revests the Property in the Debtors, 11 U.S.C. § 349(b)(3), a loan secured by it is not postpetition financing, requires no approval of this Court and violates no order; § 45.0315 asks only that the judgment be paid, not where the money comes from; and RBL's consent is not required.

14. No creditor is prejudiced. RBL's judgments, lien and remedies survive, and RBL has said it will ask the state court to reset the sale (ECF No. 344 ¶ 14); if the Debtors do not redeem, RBL acquires the Property under its judgment. The junior liens pass through dismissal intact. See 11 U.S.C. § 349(b). RBL asked for dismissal while conceding that it "may be a bad result for junior creditors" (ECF No. 344 ¶ 12); the dismissal the Debtors seek pays them in cash. Nor does dismissal depend on the funding: even if the Court gave it no weight, dismissal would remain the agreed remedy, RBL's request and the Court's prediction. No valuation is required, because the Debtors propose to pay cash, not to sell.

15. The Court observed that it would reach the trustee-or-dismissal question "sequentially" and "only" if it "denied the credit bid." Tr. 41:12-15. That ordering cannot govern this Motion: § 1112(b)(3) commands a hearing within thirty days and a decision within fifteen days after it commences, absent the movant's consent, which the Debtors withhold, or compelling circumstances, and none exist; and the order of decision determines the outcome, because if the credit bid is decided first and approved, title passes under § 363 and nothing is left to redeem, while if dismissal is decided first, RBL loses nothing, since it is paid or it forecloses. If this Motion is granted, the credit bid and the objections to it are moot, whereas on RBL's own account approval of the bid would still leave these cases open with a trustee to appoint (Tr. 15:7-

14). Dismissal ends everything, and it gives RBL cash rather than land to carry and resell at its own risk (Tr. 17:8-10).

**III. DISMISSAL SHOULD BE WITHOUT PREJUDICE, WITH A LIMITED RETENTION OF JURISDICTION**

16. Dismissal without prejudice is the statutory default: "[u]nless the court, for cause, orders otherwise," dismissal does not "prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g)." 11 U.S.C. § 349(a). RBL's demand for dismissal with prejudice (ECF No. 344) identifies no cause beyond the failure of the sale; neither the agreed order (ECF No. 175 ¶ 12) nor the Court's September 2, 2026 order (ECF No. 323 at 12) contains a prejudice term; and RBL itself has told the Court that everything in these cases "has been closely supervised by the Court" (Tr. 25:13-15; paragraph 9). The Debtors do not intend to file another petition; their object is to pay every claim. Decl. ¶ 3.

17. The $1,000,000 in forfeited deposits is held in the trust account of the Debtors' counsel (Tr. 46:11-15; 47:19-21). The Debtors ask that the dismissal order keep the deposits in that account, subject to the forfeiture determination and to payment of allowed administrative expenses and quarterly fees under further order, with the balance released to the Debtors, in whom all other property revests, 11 U.S.C. § 349(b)(3); that the Debtors file all outstanding monthly operating reports and pay all quarterly fees before the hearing (Decl. ¶ 5); and that the Court retain jurisdiction only over final fee applications filed within thirty days, 11 U.S.C. §§ 330, 331, the deposits, and enforcement of the order.

**REQUEST FOR HEARING ON SHORTENED NOTICE**

18. A motion under § 1112(b) is a contested matter, Fed. R. Bankr. P. 1017(f)(1), heard on the notice Rule 2002(a)(4) requires, Fed. R. Bankr. P. 1017(a), which the Court may reduce for cause under Rule 9006(c)(1). Cause exists. The financing the Debtors have secured is

available for a limited time, and the Debtors will provide the particulars in camera (Decl. ¶ 4); the estates lose value daily, interest alone accruing on RBL's judgment at $4,850.83 per day by RBL's own computation (paragraphs 10 and 12; Exhibit A); and every party that has appeared acts through counsel, receives the Motion by CM/ECF and e-mail on the day of filing, and has had dismissal before it since August. RBL cannot be prejudiced by an earlier hearing on the relief it has itself requested.

19. The Debtors therefore ask that the Court enter the proposed order (a) setting the hearing on or before Friday, November 6, 2026, or the earliest date thereafter available; (b) reducing the notice period of Rule 2002(a)(4) accordingly; (c) directing service of the Motion, the order and a notice of hearing as the order provides; and (d) fixing the objection deadline under Local Rule 9014-2(c). The Debtors do not consent to any continuance, and nothing in this Motion is the consent described in Local Rule 1017-2.

**CERTIFICATION OF CONFERRAL (LOCAL RULE 9013-1(a)) AND EXHIBIT**

20. The undersigned certifies that on October 28, 2026 she conferred by e-mail with counsel for each party that has appeared, advising each of the relief requested and asking for each party's position, in an effort to seek a consensual resolution. The hearing date sought is stated in this Motion, which is being served on each of them by e-mail upon filing. The positions are: (a) RIC (Blue Lagoon) LLC, through Peter H. Levitt, Esq. and Vincent F. Alexander, Esq.: opposes (October 29, 2026; Exhibit A); (b) the United States Trustee, through Steven D. Schneiderman, Esq.: no response; (c) Michael J. Schlesinger and the Law Firm of Michael J. Schlesinger, P.A., through Brett M. Amron, Esq.: no response; (d) Kobi Karp Architecture & Interior Design, Inc., through Sundeep K. Mullick, Esq.: no response; (e) Weissman & Dervishi, P.A., through Brian S. Dervishi, Esq. and Peter A. Tappert, Esq.: no response; and (f) the City of Miami, through Patricia M. Arias, Esq.: takes no position (October 29, 2026).

21. The orders and filings cited above are identified by docket entry number and are not attached, Local Rule 9004-1(c); the Debtors request judicial notice of the docket, Fed. R. Evid. 201(b)(2), (c)(2). The October 26 through 29, 2026 correspondence with RBL's counsel, with RBL's September 4, 2026 payoff letter, is attached as Exhibit A, and the August 12, 2026 e-mail of RBL's counsel as Exhibit B.

## CONCLUSION

22. WHEREFORE, the Debtors request that the Court (a) enter the proposed order setting the hearing on shortened notice as set out in paragraph 19; (b) after the hearing, dismiss these jointly administered cases without prejudice under 11 U.S.C. §§ 349(a) and 1112(b), on the terms set out in paragraph 17 and in the proposed order; and (c) grant such other relief as is just.

Dated: October 29, 2026.

Respectfully submitted,

7 AT BLUE LAGOON (1), LLC and
7 AT BLUE LAGOON (2), LLC

By: /s/ Adeena Weiss Ortiz

One of the Attorneys for the Debtors

Adeena Weiss Ortiz, Esq., Florida Bar No. 100079, WEISS ORTIZ, P.C.
1011 East 31st Street, La Grange Park, Illinois 60526; Telephone: (773) 498-4498
E-mail: info@weissortizlaw.com (service); aweiss@weissortizlaw.com

## DECLARATION OF ADEENA WEISS ORTIZ

I, Adeena Weiss Ortiz, declare as follows:

1. I am the Debtors' authorized representative, appointed by corporate resolution; the resolution has not been revoked or superseded. I am a member of The Florida Bar and of the bar of the United States District Court for the Southern District of Florida. I have authorized the filing of this Motion and sign it as counsel for the Debtors; neither I nor my firm seeks compensation from the estates. I make this declaration on personal knowledge.

2. The Debtors own approximately seven acres of vacant land at 4865 N.W. 7th Street, Miami, Florida (the "Property"), and have no business operations, employees or income.

3. Upon dismissal, the Debtors intend to redeem under § 45.0315, Fla. Stat., in the Foreclosure Action by paying the amounts specified in the final judgment of foreclosure and the supplemental final judgment, with interest and any further amounts due under them, before any certificate of sale is filed, and to pay every other claim against the Debtors at the same closing, in the amounts agreed or determined by the state court, without waiver of any objection or defense to any claim. The Debtors do not intend to file another petition under title 11.

4. The Debtors will make those payments from sources outside the estates or from financing secured by the Property after it revests in them, whichever closes first. That financing has been secured and is ready to close, the loan on the Property upon dismissal, and it is available for a limited time. I am prepared to demonstrate to the Court at the hearing, in camera if the Court prefers, the source and availability of those funds and the time within which they must be used.

5. The Debtors will file all outstanding monthly operating reports and pay all United States Trustee quarterly fees due before the hearing, and do not consent to any continuance.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 29, 2026.

/s/ Adeena Weiss Ortiz
Authorized Representative of the Debtors

**CERTIFICATE OF SERVICE**

I certify that on October 29, 2026, the foregoing Motion, with its exhibits, was filed through CM/ECF, which serves all registered users, and was sent by e-mail to Joel M. Aresty, Esq., counsel for the Debtors, and to counsel for every other party that has appeared, including RIC (Blue Lagoon) LLC and the United States Trustee. Service by first-class mail on the mailing matrix under Fed. R. Bankr. P. 2002(a)(4) will follow entry of the order setting the hearing, with a separate certificate under Local Rule 9036-2.

/s/ Adeena Weiss Ortiz, Esq.

# EXHIBIT A

Correspondence of October 26 through 29, 2026 between counsel for the Debtors and counsel for RIC (Blue Lagoon) LLC, in chronological order, with RBL's September 4, 2026 payoff letter (attached to item 4)

1. October 26, 2026, 1:52 PM ET: request for payoff statement (as quoted in RBL's reply)
2. October 26, 2026, 2:14 PM ET: RBL's reply
3. October 28, 2026, 5:33 PM ET: the Debtors' follow-up request
4. October 29, 2026, 12:21 PM ET: RBL's reply, attaching its September 4, 2026 payoff letter
5. October 28, 2026, 5:34 PM ET: the Debtors' conferral e-mail on this Motion
6. October 29, 2026, 12:26 PM ET: RBL's response to the conferral

**Items 1 and 2**

**From:** Peter H. Levitt <PLevitt@shutts.com>
**Sent:** Monday, October 26, 2026 2:14 PM (Eastern)
**To:** JOEL ARESTY <aresty@mac.com>
**Cc:** Vincent F. Alexander <VAlexander@shutts.com>; Adeena Weiss <aweiss@weissortizlaw.com>; Info at Weiss Ortiz PC <info@weissortizlaw.com>
**Subject:** RE: In re 7 at Blue Lagoon (1), LLC and 7 at Blue Lagoon (2), LLC, Case Nos. 25-21286-RAM and 25-21287-RAM (Bankr. S.D. Fla.) (Jointly Administered) - Request for payoff statement under paragraph 6 of the January 22, 2026 Order (DE 175)

Joel,

The message below does not appear to have been written by you.

Our view is that the requirement to continue to provide payoff statements has been superseded by several orders of the Court determining that the Debtors do not have the right to refinance the loan.

Are you requesting this payoff statement for the purpose of a refinancing of the loan?

Regards,

Peter

Peter H. Levitt
Partner | Shutts & Bowen LLP
Tel: (305) 415-9447
200 South Biscayne Blvd., Ste. 4100, Miami, FL 33131
Bio | E-Mail | vCard | www.shutts.com

---

**From:** JOEL ARESTY <aresty@mac.com>
**Sent:** Monday, October 26, 2026 1:52 PM
**To:** Peter H. Levitt <PLevitt@shutts.com>
**Cc:** Vincent F. Alexander <VAlexander@shutts.com>; Adeena Weiss <aweiss@weissortizlaw.com>; Info at Weiss Ortiz PC <info@weissortizlaw.com>
**Subject:** Re: In re 7 at Blue Lagoon (1), LLC and 7 at Blue Lagoon (2), LLC, Case Nos. 25-21286-RAM and 25-21287-RAM (Bankr. S.D. Fla.) (Jointly Administered) - Request for payoff statement under paragraph 6 of the January 22, 2026 Order (DE 175)

**EXTERNAL: This email originated from outside of the SHUTTS email system. Do not respond, click on any links or open any attachments unless you trust the sender and know the content is safe.**

**Re: In re 7 at Blue Lagoon (1), LLC and 7 at Blue Lagoon (2), LLC, Case Nos. 25-21286-RAM and 25-21287-RAM (Bankr. S.D. Fla.) (Jointly Administered) - Request for payoff statement under paragraph 6 of the January 22, 2026 Order (DE 175)**

Dear Peter and Vincent:

Paragraph 6 of the Court's Unopposed Order Continuing Hearings, Requiring Compliance with Procedures for Marketing and Sale of Debtors' Real Property and Granting Other Relief, entered January 22, 2026 (DE 175), provides that "RBL or its counsel shall provide a payoff statement including attorneys' fees and costs incurred to the date of the statement within five (5) business days of any written request made by counsel for the Debtors, provided that such requests are not made by the Debtors more than once a month." (DE 175 ¶ 6, at 2-3.)

On behalf of the Debtors, I request a written payoff statement of RBL's Secured Claim as defined in DE 175 ¶ 6, stating separately (1) the foreclosure judgment amount of $20,978,128.54; (2) statutory post-judgment interest accrued from the date of entry of the foreclosure judgment through December 15, 2026, with the per diem thereafter; (3) post-judgment attorneys' fees and costs incurred to the date of the statement, with the supporting detail required for the parties to agree on the amount or, failing agreement, for the Court to determine it as provided in DE 175 ¶ 6; (4) any other amount RBL contends is secured by its mortgage, with the basis for each; and (5) the total as of December 15, 2026, together with wiring instructions.

This is the Debtors' only request this month. Under DE 175 ¶ 6 the statement is due within five business days of this request. Please direct it to me with a copy to Adeena Weiss Ortiz at info@weissortizlaw.com.

Nothing in this request waives or limits any right, objection, claim or defense of the Debtors, including with respect to the amount of RBL's claim, the pending objections to RBL's back-up bid (DE 301, DE 305, DE 408) and the matters set for hearing on December 7, 2026.

Sincerely,

Joel M. Aresty, Esq.
Counsel for the Debtors

Thanks
sincerely

JOEL ARESTY, Esq.
Board Certified Business Bankruptcy Law
309 1st Ave S
Tierra Verde, FL 33715
cell and WhatsApp
(305) 904-1903
Aresty@me.com

**Item 3**

**From:** Adeena Weiss <aweiss@weissortizlaw.com>
**Sent:** Wednesday, October 28, 2026 5:33 PM (Eastern)
**To:** Peter H. Levitt <PLevitt@shutts.com>; Vincent F. Alexander <VAlexander@shutts.com>
**Cc:** aresty@mac.com; Real Estate at Weiss Ortiz PC <realestate@weissortizlaw.com>; Info at Weiss Ortiz PC <info@weissortizlaw.com>; Martin McCarthy <mccarthy@myattorneyservices.com>
**Subject:** In re 7 at Blue Lagoon (1), LLC, Case Nos. 25-21286-RAM and 25-21287-RAM: Debtors' request for payoff statement under paragraph 6 of the January 22, 2026 Order (DE 175)

Counsel:
I write further to Mr. Aresty's request of October 26, 2026. Paragraph 6 of the January 22, 2026 Order (DE 175) entitles the Debtors to a payoff statement within five business days of a written request by their counsel, without regard to its purpose, and no order of the Court has modified that provision. The Debtors intend to pay RBL in full.

Please provide the written payoff statement of RBL's claim through December 15, 2026, with the per diem thereafter, stating separately the judgment amount, the accrued statutory post-judgment interest, the post-judgment attorneys' fees and costs with supporting detail, any other amount RBL contends is secured and the basis for it, and wiring instructions. The five business days run from October 26, 2026.

Nothing in this request waives or limits any right, objection, claim or defense of the Debtors.

Thank you,
Adeena Weiss Ortiz
Cell. 312.498.0633

WEISSORTIZ, P.C.
Attorneys & Mediators
LA GRANGE
1011 East 31st Street
La Grange Park, IL 60526
24 hour service
Tel. (773) 498-4498
Fax (312) 276-3040

Sent from my iPhone

**Item 4**

**From:** Peter H. Levitt <PLevitt@shutts.com>
**Sent:** Thursday, October 29, 2026 12:21 PM (Eastern)
**To:** Adeena Weiss <aweiss@weissortizlaw.com>; Vincent F. Alexander <VAlexander@shutts.com>
**Cc:** aresty@mac.com; Real Estate at Weiss Ortiz PC <realestate@weissortizlaw.com>; Info at Weiss Ortiz PC <info@weissortizlaw.com>; Martin McCarthy <mccarthy@myattorneyservices.com>; Lee D. Mackson <LMackson@shutts.com>
**Subject:** RE: In re 7 at Blue Lagoon (1), LLC, Case Nos. 25-21286-RAM and 25-21287-RAM: Debtors' request for payoff statement under paragraph 6 of the January 22, 2026 Order (DE 175)
**Attachment:** 9-4-26 Payoff Letter.pdf

Dear Counsel,

The payoff statement was for purposes of refinancing or a sale by the Debtors. Those options are no longer available. Therefore, we do not believe that there is an ongoing requirement to provide payoff statements. We have already provided several payoff statements as of various dates.

However, for informational purposes only, and not for purposes of a refinancing or sale by the Debtors, and not because the lender has any obligation to provide further information or another payoff statement, I have attached the September 4, 2026 payoff letter (copied to Debtors' counsel) which provides a payoff amount as of September 10, 2026, not including attorney's fees and costs incurred in September.

You can calculate the additional interest after September 10 just as easily as we can. The only missing information is the fees and costs of lender in September and October. I will provide that information as soon as this month closes.

Regards,

Peter H. Levitt
Partner | Shutts & Bowen LLP
Tel: (305) 415-9447
200 South Biscayne Blvd., Ste. 4100, Miami, FL 33131
Bio | E-Mail | vCard | www.shutts.com

**Attachment to Item 4: RBL's September 4, 2026 payoff letter (9-4-26 Payoff Letter.pdf)**

PETER H. LEVITT
PARTNER
Shutts & Bowen LLP
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
DIRECT (305) 415-9447
FAX (305) 415-9847
EMAIL plevitt@shutts.com

September 4, 2026

Via Electronic Mail

Ms. Eva Menendez
Alfred F. Andreu, Esq.
700 Biltmore Way, Suite C-1
Coral Gables, FL 33134

Re: Response to Payoff Request

Dear Ms. Menendez and Mr. Andreu:

This will respond to a recent request made by Ms. Menendez for payoff information. We assume that you are requesting payoff information as of September 10, 2026.

As you are aware, Shutts & Bowen LLP represents RIC (Blue Lagoon), LLC, as Assignee of TIG Romspen US Master Mortgage LP ("RBL"). Please note that we provide this information solely in connection with and for the purpose of a closing of the sale of the Blue Lagoon property (footnote 1) to Jorge Ramos or assigns for a purchase price of $50 million. The closing must occur on or before September 10, 2026.

By sending this payoff letter, RBL is not consenting to receive a payoff in connection with a refinancing transaction. Further, RBL is not agreeable to seeking the dismissal of any state court proceedings or the vacatur of any judgment or orders. It is agreeable to providing standard releases and satisfactions as previously described.

This payoff information is being provided pursuant to paragraph 8 of the Bankruptcy Court's August 27, 2026 Order Approving Sale of Debtors' Property Free of Liens, Claims, Encumbrances and Interests (Bankr. Case No. 25-21286-RAM, Dkt. No. 310).

The payoff amount to be wired to RBL at the closing is the sum of the following amounts:

(i) $23,425,000.00, plus

(ii) $135,823.24, (footnote 2) the total amount of interest at the Florida statutory judgment rate on RBL's judgment (rate of 8.44%) from August 14, 2026 through the date of the closing, September 10, 2026, plus

(iii) $149,496.91, the attorney's fees and costs of RBL for the months of July and August that were not included in the amount of $23,425,000.00.

Total payoff amount through September 10, 2026 not including fees and costs for September: $23,710,320.15.

Please note that the amount stated above in (iii) does not include attorney's fees and costs for the month of September 2026 (through closing date) which are unknown at this time. That amount will be provided shortly before the closing. Please advise me once you have a firm closing date.

Also, please provide me with a draft of the closing statement and, when finalized, the signed closing statement.

The amounts stated above are subject to revision prior to closing in the unlikely event of any inadvertent error. I will send you the wire transfer information for RBL.

Should you have any further questions regarding the above, please contact the undersigned.

Very truly yours,

SHUTTS & BOWEN LLP

Peter H. Levitt
Peter H. Levitt

cc: Joel Aresty, Esq., 309 1st Ave South, Tierra Verde FL 33715, aresty@mac.com

Footnote 1: The real property to be sold is owned by Chapter 11 Debtors, 7 at Blue Lagoon (1), LLC and 7 at Blue Lagoon (2), LLC.
Footnote 2: The RBL judgment amount is $20,978,128.54 and interest accrues at the rate of $4,850.83 per diem. The period from and including August 14 through September 10, 2026 is 28 days.

**Items 5 and 6**

**From:** Peter H. Levitt <PLevitt@shutts.com>
**Sent:** Thursday, October 29, 2026 12:26 PM (Eastern)
**To:** Adeena Weiss <aweiss@weissortizlaw.com>; Vincent F. Alexander <VAlexander@shutts.com>
**Cc:** aresty@mac.com; mccarthy@myattorneyservices.com; Real Estate at Weiss Ortiz PC <realestate@weissortizlaw.com>; Info at Weiss Ortiz PC <info@weissortizlaw.com>; Lee D. Mackson <LMackson@shutts.com>
**Subject:** RE: In re 7 at Blue Lagoon (1), LLC, Case No. 25-21286-RAM: conferral on Debtors' motion to dismiss

Counsel,

Please be advised that RBL opposes the motion you intend to file.

Regards,

Peter H. Levitt
Partner | Shutts & Bowen LLP
Tel: (305) 415-9447
200 South Biscayne Blvd., Ste. 4100, Miami, FL 33131
Bio | E-Mail | vCard | www.shutts.com

---

**From:** Adeena Weiss <aweiss@weissortizlaw.com>
**Sent:** Wednesday, October 28, 2026 5:34 PM
**To:** Peter H. Levitt <PLevitt@shutts.com>; Vincent F. Alexander <VAlexander@shutts.com>
**Cc:** aresty@mac.com; mccarthy@myattorneyservices.com; Real Estate at Weiss Ortiz PC <realestate@weissortizlaw.com>; Info at Weiss Ortiz PC <info@weissortizlaw.com>
**Subject:** In re 7 at Blue Lagoon (1), LLC, Case No. 25-21286-RAM: conferral on Debtors' motion to dismiss

**EXTERNAL: This email originated from outside of the SHUTTS email system. Do not respond, click on any links or open any attachments unless you trust the sender and know the content is safe.**

Counsel:
By 5:00 p.m. tomorrow, Thursday, October 29, I will be filing, on behalf of the Debtors, a motion to dismiss both chapter 11 cases without prejudice under 11 U.S.C. § 1112(b). The purpose of the motion is to return to the state court and pay the creditors what they are due, RBL included, through redemption under section 45.0315, Florida Statutes. Dismissal is the relief the January 22, 2026 agreed order provides on default, and RBL has itself moved for it.

Please let me know by 3:00 p.m. Eastern tomorrow whether RBL consents, opposes or takes no position, so that I can report your response in the certification of conferral. I am available to discuss at either number below.

Thank you,
Adeena Weiss Ortiz
Cell. 312.498.0633

WEISSORTIZ, P.C.
Attorneys & Mediators
LA GRANGE
1011 East 31st Street
La Grange Park, IL 60526
24 hour service
Tel. (773) 498-4498
Fax (312) 276-3040

Sent from my iPhone

# EXHIBIT B

E-mail of August 12, 2026, 8:55 AM ET, from counsel for RIC (Blue Lagoon) LLC to counsel for the Debtors and other counsel, announcing RBL's conditional motion to dismiss these cases (ECF No. 296) and referring to RBL's October 2025 motion seeking dismissal (ECF No. 17)

**E-mail of August 12, 2026**

**From:** Peter H. Levitt <PLevitt@shutts.com>
**Sent:** Wednesday, August 12, 2026 8:55 AM (Eastern)
**To:** JOEL ARESTY <aresty@mac.com>; Jason A. Welt <jw@jweltpa.com>
**Cc:** Adeena Weiss <aweiss@weissortizlaw.com>; Brett Amron <bamron@bastamron.com>; Sunny Mullick <smullick@barthet.com>; Steve D. Schneiderman <steven.d.schneiderman@usdoj.gov>; Juan C. Zorrilla <JZorrilla@fowler-white.com>; Vincent F. Alexander <VAlexander@shutts.com>
**Subject:** RE: Fwd:

Joel,

Good morning.

I am going to be filing a motion today that requests that the court dismiss these cases or that it grant complete stay relief pursuant to the SARE provisions. The motion is conditional.
If the Court approves a sale of the property at the hearing on August 19, and the sale closes, we won't be seeking dismissal (we will withdraw the motion).

Yesterday, I conferred with Brett Amron and Sunny Mullick who, as you know, represent junior lienholders. They oppose dismissal of these cases. Their position is that a Chapter 11 trustee should be appointed to sell the property.

I don't believe my motion is one that requires conferral, and we conferred with respect to the motion I filed in October seeking dismissal, which the Debtors opposed.
Nevertheless, if it would be productive to confer about this motion, I am available through noon today. If I do not hear otherwise from you, I will assume that the Debtors oppose the motion.

Regards,

Peter H. Levitt
Partner | Shutts & Bowen LLP
Tel: (305) 415-9447
200 South Biscayne Blvd., Ste. 4100, Miami, FL 33131
Bio | E-Mail | vCard | www.shutts.com

(The earlier messages in the chain, below Mr. Levitt's message in the original, are omitted.)