**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>7 AT BLUE LAGOON (1), LLC, and<br>7 AT BLUE LAGOON (2), LLC,<br><br>Debtors. | Case No. 25-21286-RAM<br><br>Jointly Administered with<br>Case No. 25-21287-RAM<br><br>Chapter 11 |

**ORDER GRANTING DEBTORS' MOTION AND DISMISSING CHAPTER 11 CASES WITHOUT PREJUDICE**

THIS MATTER came before the Court for hearing on ________________ (date), 2026 upon the Debtors' Motion to Dismiss Chapter 11 Cases Without Prejudice, With Request for Hearing on Shortened Notice Within the Period Prescribed by 11 U.S.C. § 1112(b)(3), and Incorporated Declaration (ECF No. ________________ (docket number of the Motion)) (the "Motion"), filed by the debtors and debtors in possession, 7 at Blue Lagoon (1), LLC and 7 at Blue Lagoon (2), LLC (the "Debtors"). The Court, having reviewed the Motion and the incorporated Declaration of Adeena Weiss Ortiz, the record of these cases and any responses, and having heard the argument of counsel, finds that: (a) notice of the Motion and of the hearing

was sufficient under Fed. R. Bankr. P. 2002(a)(4), as reduced under Fed. R. Bankr. P. 9006(c)(1) by the Court's order of ________________ (date), 2026 (ECF No. ________________ (docket number)); (b) the Debtors, acting through their authorized representative, are parties in interest entitled to bring the Motion, 11 U.S.C. §§ 1109(b), 1112(b)(1); (c) cause for dismissal exists under 11 U.S.C. § 1112(b)(4)(M), because the confirmed plan (ECF No. 308), which was to become effective only upon the closing of the sale of the Debtors' real property, did not become effective and cannot be substantially consummated, and under 11 U.S.C. § 1112(b)(4)(A), because the estates are suffering continuing diminution and there is no reasonable likelihood of rehabilitation; (d) dismissal, rather than conversion of the cases or the appointment of a trustee, is in the best interests of creditors and the estates, 11 U.S.C. § 1112(b)(1); (e) no cause has been shown to condition the dismissal under 11 U.S.C. § 349(a); and (f) the Motion was heard and is decided within the periods prescribed by 11 U.S.C. § 1112(b)(3). Accordingly, it is

ORDERED as follows:

1. The Motion is GRANTED.

2. The chapter 11 cases of 7 at Blue Lagoon (1), LLC, Case No. 25-21286-RAM, and 7 at Blue Lagoon (2), LLC, Case No. 25-21287-RAM, are DISMISSED without prejudice pursuant to 11 U.S.C. §§ 349(a) and 1112(b).

3. Pursuant to 11 U.S.C. § 349(b)(3), all property of the estates, including the real property located at 4865 N.W. 7th Street, Miami, Florida, revests in the Debtors, except that the $1,000,000 in forfeited deposits held in the trust account of counsel for the Debtors pursuant to ECF No. 297 and ECF No. 310 shall remain in that trust account, subject to the Court's determination of any dispute over the forfeiture of the deposits and to the payment of allowed

administrative expenses and fees due under 28 U.S.C. § 1930(a)(6) under further order of the Court, and the balance shall then be released to the Debtors.

4. Pursuant to 11 U.S.C. § 362(c), the automatic stay terminates upon entry of this Order.

5. Within seven days after entry of this Order, the Debtors shall file any monthly operating reports not previously filed and shall pay to the United States Trustee all fees due under 28 U.S.C. § 1930(a)(6) through the date of entry of this Order, to the extent not previously paid.

6. Any application for final compensation under 11 U.S.C. §§ 330 and 331 shall be filed within thirty days after entry of this Order. The Court retains jurisdiction to adjudicate any such application, to determine the forfeiture and disposition of the deposits described in paragraph 3 of this Order, and to enforce this Order, and retains no other jurisdiction over the Debtors or their property.

7. The Clerk shall close these cases after the entry of an order disposing of the deposits described in paragraph 3 of this Order and after the later of the expiration of the period fixed in paragraph 6 of this Order and the entry of an order on any application timely filed under that paragraph.

###

Submitted by:
Adeena Weiss Ortiz, Esq.
Florida Bar No. 100079
WEISS ORTIZ, P.C.
1011 East 31st Street, La Grange Park, Illinois 60526
Telephone: (773) 498-4498
E-mail: info@weissortizlaw.com

Adeena Weiss Ortiz, Esq. must serve a copy of this order on all parties entitled to notice thereof and file a certificate of service as required by Local Rule 9036-2.